## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

         v.                         :

YOEL WEISS,                    :
            Defendant         :

NO. 3:24-CR- 296

(Judge Mihalchick)

**FILED
SCRANTON**

NOV 05 2024

PER_____

DEPUTY CLERK

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS 1 THROUGH 7
18 U.S.C. § 1343
(Wire Fraud)

### I.  Introduction

At times material to the Indictment:

### Relevant Individual and Entities

1.  Defendant YOEL WEISS was a resident of Scranton, Lackawanna County, within the Middle District of Pennsylvania.

2.  601 Clay LLC was a limited liability company incorporated in the Commonwealth of Pennsylvania on or about August 14, 2019, and headquartered in the Middle District of Pennsylvania. Defendant YOEL WEISS was the owner and operator of 601 Clay LLC.

3.  1123 Capouse LLC was a limited liability company incorporated in the Commonwealth of Pennsylvania on or about

1

December 31, 2019, and headquartered in the Middle District of

Pennsylvania. Defendant YOEL WEISS was the owner and operator of

1123 Capouse LLC.

4.    1127 Myrtle LLC was a limited liability company

incorporated in the Commonwealth of Pennsylvania on or about

January 6, 2020, and headquartered in the Middle District of

Pennsylvania. Defendant YOEL WEISS was the owner and operator of

1127 Myrtle LLC.

5.    922 Olive LLC was a limited liability company incorporated

in the Commonwealth of Pennsylvania, and headquartered in the

Middle District of Pennsylvania. Defendant YOEL WEISS was the

owner and operator of 922 Olive LLC.

6.    Stone Close Inc. was a company incorporated in the state of

New York on or about July 2, 2015. Stone Close Inc. was owned by

R.S., but operated and controlled by defendant YOEL WEISS.

7.    140 Main LLC was a limited liability company incorporated

in the Commonwealth of Pennsylvania on or about June 23, 2020, and

headquartered in the Middle District of Pennsylvania. 140 Main LLC

was owned by R.S., but operated and controlled by defendant YOEL

2

WEISS.

8.     Foote 19 LLC was a limited liability company incorporated in the Commonwealth of Pennsylvania on or about April 15, 2019, and headquartered in the Middle District of Pennsylvania.  Foote 19 LLC was owned by D.A., but operated and controlled by defendant YOEL WEISS.

9.     Stein Sales LLC was a limited liability company incorporated in the Commonwealth of Pennsylvania on or about November 8, 2018, and headquartered in the Middle District of Pennsylvania.  Defendant YOEL WEISS was the owner and operator of Stein Sales LLC.

10.     The United States Small Business Administration (SBA) was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA included maintaining and strengthening the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.  As part of those efforts, the SBA enabled and provided for loans with government-backed guarantees to small business owners

through financial institutions and other lenders. The SBA also provided direct loans.

### The Economic Injury Disaster Loan Program

11.    The Economic Injury Disaster Loan (EIDL) program was an existing disaster-related program expanded by the Coronavirus Aid, Relief, and Economic Security (CARES) Act of March 2020. The EIDL program was administered by the SBA and provided low-interest financing (including forgivable advances of up to $10,000) to small businesses and other eligible entities experiencing substantial financial disruption resulting from the COVID-19 pandemic.

12.    To obtain an EIDL, a qualifying business was required to submit an application directly to the SBA and provide information about the business's operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was the period from January 31, 2019, to January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

4

13.    EIDL applications were submitted directly to the SBA via an online portal and processed by the agency with support from a government contractor.  The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the applicant about employment, revenue, and cost of goods sold. Any funds issued under an EIDL were issued directly by the United States Treasury.

14.    EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington.  EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the United States Treasury using computer servers located in the state of Virginia.

15.    EIDL proceeds could only be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits or for expansion of a business.

## II.    Object of the Scheme to Defraud

16.    The objects of the scheme were for defendant YOEL WEISS

to enrich himself by fraudulently obtaining EIDL funds through misrepresentations and false documentation, and to spend those EIDL funds on unapproved expenses.

## III.    Manner and Means of the Scheme to Defraud

17.    It was part of the scheme and artifice to defraud that, from in or about June 2020 through in or about July 2020, defendant YOEL WEISS filed and caused to be filed, by means of the internet and interstate wires, at least seven applications for EIDLs with the SBA. The applications were filed on behalf of YOEL WEISS, R.S., D.A., and entities under his control, including 601 Clay LLC, 1123 Capouse LLC, 1127 Myrtle LLC, 922 Olive LLC, 140 Main LLC, Foote 19 LLC, and Stone Close Inc.

18.    It was further a part of the scheme and artifice to defraud that YOEL WEISS made, by means of the internet and interstate wires, material misrepresentations that the referenced entities, including 601 Clay LLC, 1123 Capouse LLC, 1127 Myrtle LLC, 922 Olive LLC, 140 Main LLC, Foote 19 LLC, and Stone Close Inc. had business operations, when in fact they did not. For example, the EIDL applications included material misrepresentations about the referenced entities' claimed

business operations, including inflated gross revenues, cost of goods sold, and employee headcounts, as well as false information regarding the dates of business establishment.

19.    It was further a part of the scheme and artifice to defraud that YOEL WEISS caused to be deposited, by means of interstate wires, into bank accounts in his name or under his control, the proceeds of fraudulently obtained EIDLs.

20.    It was further a part of the scheme and artifice to defraud that YOEL WEISS fraudulently obtained in excess of approximately $850,000 in EIDL funds and grants.

21.    It was further a part of the scheme and artifice to defraud that YOEL WEISS transferred and caused others to transfer the proceeds of fraudulently obtained EIDLs, using wire transfers and third party payment processors, by means of the internet and interstate wires, and cash withdrawals.

22.    It was further a part of the scheme and artifice to defraud that Yoel Weiss spent the proceeds of fraudulently obtained EIDL funds on real estate, retail shopping, credit card debt and other personal expenses, and to make loans to other businesses and persons, through

7

cash withdrawals and the use of wire transfers, by means of the

internet and interstate wires.

## IV.    Statutory Allegation

23.    From on or about June 14, 2020, to on or about October 30,

2020, in Lackawanna County, within the Middle District of

Pennsylvania, and elsewhere, the defendant,

### YOEL WEISS,

aiding and abetting others, and aided and abetted by others, with the

intent to defraud, knowingly devised and intended to devise the above-

described scheme and artifice to defraud, and to obtain money and

property, by means of materially false and fraudulent pretenses,

representations, and promises.

24.    For the purpose of executing, advancing, furthering, and

carrying out the above-described scheme and artifice to defraud, the

defendant knowingly transmitted and caused to be transmitted by

means of wire communication in interstate commerce, the following

writings, signs, signals, pictures, and sounds, with each being a

separate count:

| Count | Approximate Date of Wire | Description |
|:-----:|:------------------------:|-------------|
| 1 | June 14, 2020 | A fraudulent EIDL application submitted on behalf of 601 Clay LLC via the internet and interstate wires to the SBA. |
| 2 | June 16, 2020 | A fraudulent EIDL application submitted on behalf of 1123 Capouse LLC via the internet and interstate wires to the SBA. |
| 3 | June 22, 2020 | A fraudulent EIDL application submitted on behalf of 1127 Myrtle LLC via the internet and interstate wires to the SBA. |
| 4 | June 23, 2020 | A fraudulent EIDL application submitted on behalf of 922 Olive LLC via the internet and interstate wires to the SBA. |
| 5 | June 21, 2020 | A fraudulent EIDL application submitted on behalf of Stone Close Inc. and R.S., via the internet and interstate wires to the SBA. |
| 6 | July 15, 2020 | A fraudulent EIDL application submitted on behalf of 140 Main LLC and R.S., via the internet and interstate wires to the SBA. |
| 7 | July 8, 2020 | A fraudulent EIDL application submitted on behalf of Foote 19 LLC and D.A., via the internet and interstate wires to the SBA. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNTS 8 THROUGH 14
15 U.S.C. § 645(a)
(False Statements to the SBA)

25.    The factual allegations of paragraphs 1 through 22 are

incorporated here.

26.    From in or about June 2020, to in or about July 2020, in

Lackawanna County, within the Middle District of Pennsylvania, and

elsewhere, the defendant,

## YOEL WEISS,

aiding and abetting others, and aided and abetted by others, knowingly

made and caused others to make the following false statements for the

purpose of influencing the actions of the SBA in connection with

applications for EIDLs, and for the purpose of obtaining money,

property, and anything of value, with each application being a separate

count:

| Count | Approximate Date of Application | Description of False Statement |
|---|---|---|
| 8 | June 14, 2020 | An EIDL application stating falsely that 601 Clay LLC had three employees, gross revenues of $300,000, costs of goods sold of $125,000, and was established on August 19, 2018. |

| 9 | June 16, 2020 | An EIDL application stating falsely that 1123 Capouse LLC had three employees, gross revenues of $350,000, costs of goods sold of $115,000, lost rents of $210,000, and was established on January 13, 2019. |
|---|---|---|
| 10 | June 22, 2020 | An EIDL application stating falsely that 1127 Myrtle LLC had 11 employees, gross revenues of $325,229, costs of goods sold of $54,064, lost rents of $175,000 and was established on January 14, 2018. |
| 11 | June 23, 2020 | An EIDL application stating falsely that 922 Olive LLC had 12 employees, gross revenues of $694,423, costs of goods sold of $425,663, lost rents of $167,400 and was established on August 16, 2018. |
| 12 | June 21, 2020 | An EIDL application stating falsely that Stone Close Inc. had three employees, gross revenues of $450,000, costs of goods sold of $175,000, and lost rents of $200,000. |
| 13 | July 15, 2020 | An EIDL application stating falsely that 140 Main LLC had 12 employees, gross revenues of $318,674, costs of goods sold of $56,079, lost rents of $165,400, and was established on July 1, 2018. |
| 14 | July 8, 2020 | An EIDL application stating falsely that Foote 19 LLC had 12 employees, gross revenues of $1,216,644, costs of goods sold of $603,000, and was established on May 31, 2018. |

All in violation of Title 15, United States Code, Section 645(a), and

Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNTS 15 THROUGH 17
18 U.S.C. § 1028A
(Aggravated Identity Theft)

27.    The factual allegations in paragraphs 1 through 22 are incorporated here.

28.    On or about the dates set forth below, in the Middle District of Pennsylvania, and elsewhere, the defendant,

## YOEL WEISS,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely wire fraud, in violation of Title 18, United States Code, Section 1343,knowing that the means of identification belonged to another actual person, with each instance listed below being a separate count:

| Count | Approximate Date | Description |
|---|---|---|
| 15 | June 21, 2020 | EIDL loan application bearing the means of identification belonging to another actual person known to the Grand Jury as R.S. |
| 16 | July 15, 2020 | EIDL loan application bearing the means of identification belonging to another actual person known to the Grand Jury as R.S. |
| 17 | July 8, 2020 | EIDL loan application bearing the means of identification belonging to another actual person known to the Grand Jury as D.A. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNTS 18 THROUGH 40
18 U.S.C. § 1957
(Unlawful Monetary Transactions)

29.    The factual allegations of paragraphs 1 through 22 are incorporated here.

30.    On or about the dates set forth below, in Lackawanna County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

## YOEL WEISS,

aiding and abetting others, and aided and abetted by others, knowingly engaged in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency and funds, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, with each transaction set forth below a separate count:

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 18 | June 26, 2020 | Transfer of $15,000 from 1127 Myrtle LLC's account at PNC Bank ending -1795, to 1123 Capouse LLC's account at PNC |

| | | Bank ending -1808 |
|---|---|---|
| 19 | July 3, 2020 | Transfer of $14,500 from 601 Clay LLC's account at Wells Fargo Bank ending -1270, to 922 Olive LLC's account at Wells Fargo Bank ending -1288 |
| 20 | July 6, 2020 | Payment of $13,733.06 from 922 Olive LLC's account at Wells Fargo Bank ending -1288, to YOEL WEISS's American Express credit card |
| 21 | July 13, 2020 | Payment of $21,320.44 from Stone Close Inc.'s account at Dime Bank ending -8504, to a Chase Bank credit card |
| 22 | July 13, 2020 | Payment of $44,744.09 from Stone Close Inc.'s account at Dime Bank ending -8504, to a Chase Bank credit card |
| 23 | July 17, 2020 | Payment of $11,549 from Stone Close Inc.'s account at Dime Bank ending -8504, to a credit card account |
| 24 | July 20, 2020 | Transfer of $25,000 from 1127 Myrtle LLC's account at PNC Bank ending -1795, to 140 Main LLC's account at PNC Bank ending -2069 |
| 25 | July 20, 2020 | Transfer of $25,000 from 1127 Myrtle LLC's account at PNC Bank ending -1795, to an account in the name of 801 Olive LLC at PNC Bank ending -2077 |
| 26 | July 20, 2020 | Transfer of $25,000 from 1127 Myrtle LLC's account at PNC Bank ending -1795, to Foote 19 LLC's account at PNC Bank ending -2085 |
| 27 | July 27, 2020 | Transfer of $20,000 from 601 Clay LLC's account at Wells Fargo Bank ending -1270, to M.F. |
| 28 | July 31, 2020 | Transfer of $85,000 from 1123 Capouse LLC's account at Wells Fargo Bank ending -0139, to Stein Sales LLC's account at Wells Fargo Bank ending -3854 |
| 29 | July 31, 2020 | Transfer of $160,000 from Foote 19 LLC's account at Wells Fargo Bank ending |

| | | |
|---|---|---|
| | | -6658, to Stein Sales LLC's account at Wells Fargo Bank ending -3854 |
| 30 | July 31, 2020 | Cash withdrawal of $16,401.84 from Stein Sales LLC's account at Wells Fargo Bank ending -3854 |
| 31 | July 31, 2020 | Transfer of $309,000 from Stein Sales LLC's account at Wells Fargo Bank ending -3854, to an account at Salisbury Bank ending -0438 |
| 32 | August 3, 2020 | Payment of $10,294.34 from Stone Close Inc.'s account at Dime Bank ending -8504, to a credit card account |
| 33 | August 5, 2020 | Payment of $11,351.83 from 922 Olive LLC's account at Wells Fargo Bank ending -1288, to YOEL WEISS's American Express credit card |
| 34 | August 11, 2020 | Payment of $30,287.54 from Stone Close Inc.'s account at Dime Bank ending -8504, to a Chase Bank credit card |
| 35 | August 17, 2020 | Cash withdrawal of $72,608.94 from 140 Main LLC's account at Wells Fargo Bank ending -6641 |
| 36 | October 16, 2020 | Transfer of $45,000 from 140 Main LLC's account at Wells Fargo Bank ending -6641 to H.I. |
| 37 | October 30, 2020 | Transfer of $20,000 from 140 Main LLC's account at PNC Bank ending -2069, to Stein Sales LLC's account at PNC Bank ending -1736 |
| 38 | October 30, 2020 | Transfer of $23,000 from Foote 19 LLC's account at PNC Bank ending -2085, to Stein Sales LLC's account at PNC Bank ending -1736 |
| 39 | October 30, 2020 | Transfer of $21,000 from Stein Sales LLC's account at PNC Bank ending -1736 |
| 40 | October 30, 2020 | Transfer of $26,500 from Stein Sales LLC's account at PNC Bank ending -1736 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 41
18 U.S.C. § 1512(b)(1)
(Witness Tampering)

31.    In or about September 2024, in Lackawanna County, within the Middle District of Pennsylvania, the defendant,

## YOEL WEISS,

did knowingly attempt to intimidate, threaten, and corruptly persuade R.S., by instructing R.S. to protect YOEL WEISS and by threatening R.S. not to testify before a federal grand jury, with the intent to influence and prevent the testimony of R.S. in an official proceeding, namely, R.S.'s anticipated testimony before a federal grand jury.

In violation of Title 18, United States Code, Section 1512(b)(1).

## FORFEITURE ALLEGATION

32.    The allegations contained in Counts 1 through 7, 18 through 40, and Count 41, of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982.

33.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982, upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 1957, Title 18, United States Code, Section 1512(b)(1), of this Indictment, the defendant,

### YOEL WEISS,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and any property real or personal, involved in such

offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. Approximately $858,000 in U.S. Currency.

34.   If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982.

A TRUE BILL

FOREPERSON

GERARD M. KARAM
United States Attorney

SEAN A. CAMONI
Assistant United States Attorney

ROBERT J. O'HARA
Assistant United States Attorney

11-5-2024

Date

20