UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:24-CR-00296 |
| YOEL WEISS, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM OPINION**

Before the Court is an objection by Defendant Yoel Weiss ("Weiss") to the sentencing recommendation of the U.S. Probation Office ("Probation") in its final Presentence Investigation Report. (Doc. 60). Specifically, Weiss objects to the conclusion that he is not entitled to the downward adjustment detailed in United States Sentencing Guideline ("U.S.S.G.") § 3C1.1. for acceptance of responsibility. (Doc. 61). For the following reasons, Weiss's objection is **OVERRULED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2024, Weiss was arrested and detained for crimes related to money transactions arising out of fraudulent Economic Injury Disaster Loan applications. (Doc. 42, ¶ 1; Doc. 60, at 1). On September 23, 2024, he appeared before Magistrate Judge Daryl F. Bloom and was released subject to pretrial services supervision. As a condition of his release, Weiss was ordered not to have any contact, directly or indirectly, with any victim or witness, including R.S., his wife. (Doc. 16). On October 18, 2024, upon Weiss's motion, the Court modified the conditions of his release by, among other things, allowing communication with

R.S., "regarding the care of their children only through the electronic communication application provided by Lackawanna County, Pennsylvania." (Doc. 23, at 2).

On November 5, 2024, Weiss was charged by indictment with 41 counts, including seven counts of wire fraud pursuant to 18 U.S.C. § 1343, seven counts of false statements to the Small Business Administration pursuant to 15 U.S.C. § 645(a), three counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A, twenty-two counts of money laundering pursuant to 18 U.S.C. § 1957, and one count of witness tampering pursuant to 18 U.S.C. § 1512(b)(1). (Doc. 24; Doc. 25). On November 12, 2024, Weiss appeared before this Court and entered a not guilty plea to these charges. (Doc. 29).

On January 16, 2025, pursuant to a plea agreement with the Government, Weiss pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 (Count I), and one count of unlawful monetary transactions in violation of 18 U.S.C. § 1957 (Count 19). (Doc. 34; Doc. 60, at 5). The plea agreement directly contemplates an obstruction of justice enhancement, and the Government and Weiss agree in the plea agreement to recommend to the Court at the time of sentencing that the obstruction of justice enhancement apply. (Doc. 34). Specifically, the plea agreement contains the following provisions:

> **Acceptance of Responsibility- Two/Three Levels**. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. S 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.
>
> …

> **Specific Sentencing Guidelines Recommendations**. With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:
>
>   . . .
>
>   d. The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct, pursuant to U.S.S.G. S 3C1.1.

Following a lengthy colloquy, the Court accepted the plea and ordered a presentence investigation. (Doc. 60, at 6). As a condition of Weiss's continued release pending sentencing, he was directed to avoid all direct and/or indirect contact with any person who is or maybe a victim or witness in the investigation and/or prosecution, including R.S. (Doc. 60, at 6).

On April 4, 2025, Weiss appeared before this Court for a bail revocation hearing. (Doc. 52; Doc. 60, at 6). The Government presented evidence in support of its position that Weiss violated the conditions of his release by repeatedly contacting R.S. for purposes other than discussing their children. (Doc. 42, ¶ 6). In particular, the Government directed the Court's attention to a conversation between Weiss and R.S. in which Weiss referenced a prior suicide attempt by R.S. in a manner the Government contended intended to threaten or intimidate R.S. In consideration of the parties' arguments, the Court again amended Weiss's conditions of release and clarified that "[c]ommunications shall be strictly limited to scheduling of custody of the minor children such as times of drop-off, pick-up, or visitation, and shall not include **ANY OTHER TOPICS unrelated to scheduling**." (Doc. 51) (emphasis in original).

**II.    PRESENTENCE INVESTIGATION REPORT AND OBJECTION**

On May 14, 2025, Probation filed the Final Presentence Investigation Report, in which it recommends that Weiss receive an upward sentencing adjustment to his offense level

3

calculation for obstruction of justice under U.S.S. G. § 3C.1.1 for instructing R.S. to "protect him in reference to speaking with investigators and testifying to a grand jury during the investigation" and because of R.S.'s reports of escalated abuse after R.S. told Weiss she would tell the truth throughout the investigation. (Doc. 60, ¶ 29). The report also notes that Weiss threatened to flee the country with his children. (Doc. 60, ¶ 29).

The report also concludes that Weiss should not receive a downward sentence adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (Doc. 60, ¶ 30). The report explains that application of the obstruction of justice adjustment typically indicates that a defendant has not accepted responsibility for his criminal conduct. (Doc. 60, ¶ 30). Specifically, the report states, "[t]he [D]efendant continued the obstructive conduct even after he pled guilty to Counts 1 and 19 of the Indictment on January 16, 2025." (Doc. 60, ¶ 30).

On May 14, 2025, Probation also filed an Addendum to the Presentence Investigation Report in which Probation responds to Weiss's objection to the loss of the acceptance of responsibility adjustment.[1] (Doc. 61, at 1-2). Probation maintains that Weiss's "ongoing denial of the victim's allegations and inappropriate use of court-approved communications reflect a disregard for legal boundaries and court directives that underscores a lack of accountability" and support a finding that he has not accepted responsibility for his actions as they relate to this case. (Doc. 61, at 3).

---

[1] Although the Addendum notes an objection by Weiss to the obstruction of justice enhancement, at the hearing on this matter, the parties clarified that the only objection to the report is the loss of the acceptance of responsibility adjustment.

On June 13, 2025, Weiss filed a brief in support of his objection to the Presentence Investigation Report in which he "requests that the court conclude that he has accepted responsibility for the crimes of conviction and deny the recommendation for the Probation Officer that he be denied the benefit of an acceptance of responsibility adjustment to his guidelines." (Doc. 68, at 13). On July 2, 2025, this Court held an evidentiary hearing to address the objection. (Doc. 69). On July 9, 2025, Weiss filed supplemental material in support of his position. (Doc. 73; Doc. 74; Doc. 75). Accordingly, the objection is ready for disposition.

### III. DISCUSSION

The Sentencing Guidelines authorize a sentencing judge to reduce a defendant's offense level if the judge finds that "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant bears the burden of proving entitlement to this reduction. *United States. v. Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998). In considering a reduction in an offense level for acceptance of responsibility, the Court must look to the totality of the circumstances, and may consider relevant conduct that occurs from the time the defendant is on notice of the Government's interest in his criminal activities. *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007)*; United States v. Atwood*, 673 Fed. Appx. 177, 180 (3d Cir. 2016). Notably, the fact that Weiss entered into a plea agreement does not entitle him to an adjustment under § 3E1.1 as a matter of right. U.S.S.G. § 3E1.1 App. Note 3.

Pursuant to Application Note 4 to § 3E1.1, conduct that results in an obstruction of justice enhancement under § 3C1.1 of the Sentencing Guidelines ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. It is well-settled, however,

that an obstruction of justice enhancement under § 3C1.1 does not preclude a reduction pursuant to § 3E1.1. *United States v. Batista*, 483 F.3d 193, 198 (3d Cir.2007). "There may … be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E.1.1 App. Note 4.  As such, this Court must determine whether Weiss has met his burden in establishing that his case is one of those extraordinary cases in which adjustments under both sections may apply.

Consideration of the totality of the circumstances generally includes "the nature of the defendant's obstructive conduct and the degree of the defendant's acceptance of responsibility," and "whether the defendant 'admitted and recanted his obstructive conduct, or whether he denied obstruction of justice at sentencing.'" *United States v. Rickert*, 685 F.3d 760 (8th Cir. 2012) (quoting *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999)); *see also United States v. Rane*, No. 22-2345, 2023 WL 3243989, at *2 (3d Cir. May 4, 2023) (providing that the Eighth Circuit's approach in *United States v. Honken* is consistent with the Third Circuit's totality approach as outlined in *United States* v. *Lessner*). Courts have found even complete compliance with court directives, full admission of wrongdoing, and cooperation with the Government are not so extraordinary as to allow for both the obstruction of justice enhancement and acceptance of responsibility adjustment. *See e.g.*, *United States v. Maguire*, 752 F.3d 1 (1st Cir. 2014). Weis fails to meet his burden in support of his objection.

Weiss's objection focuses almost solely on challenging the credibility of R.S. Through the introduction of exhibits and testimony of witnesses, including himself, Weiss challenged

the credibility of R.S., referring to her as a "liar" and "mentally unstable person."[2] It is Weiss's position that because R.S. is untrustworthy, this Court should disregard her claims that Weiss contacted her in violation of the court's orders, despite the Court having already reached this conclusion at the April 2025 revocation hearing. *See United States v. Jenkins*, 630 F. App'x 153 (3d Cir. 2015) ("violating an express condition incorporated into the court order releasing the defendant on bail may be appropriately considered by the court in determining whether to grant a reduction in offense level."). Weiss also asserts that this Court should disregard the allegations in the Presentence Investigation Report that Weiss told R.S. to lie on his behalf throughout this case's investigation and that R.S. experienced increased abuse because she provided truthful grand jury testimony. (Doc. 60, ¶ 29).

Regardless of whether R.S. is a credible figure, there is no question that Weiss contacted her in violation of court orders. By Weiss's own admission, he did not message R.S. for custody purposes, but to create a record for a potential trial.[3] While this behavior may

---

[2] Defendant and his witnesses testified that, among other things, R.S. created fraudulent Jewish court documents, has a history of suicidal tendencies, lied during family and state court proceedings, and made fraudulent child abuse claims against Defendant.

[3] At the hearing, Weiss testified as follows:

Q. Okay. You said that -- hang on. I'm just going to refer to my notes here. You said that you messaged Rivka on October 21st of 2024, those text messages that were the subject of the revocation petition. Do you remember that?
A. That's not a true statement. October 21st, 2024 was when the presentencing lady wrote that my wife called ACS to put in false allegations that I did stuff to my children.
Q. I might be confusing you. Let me try that again. You messaged, on that application, Rivka Stein in October of 2024, October 21st, correct?
A. I've been using the app. Whatever date it says on it, I sent that message.
Q. Okay. You said that those particular messages that were sent on October 21st of 2024 where you say, I hope you remember when you hanged yourself from the shower in

not directly "involve denying guilt," it nonetheless "form[s] a valid basis on which to deny an adjustment because [it] show[s] a lack of acceptance of responsibility." *Rane*, 2023 WL 3243989, at *2.

Even beyond his treatment of R.S. or his violation of this Court's Order, Weiss's testimony at the evidentiary hearing is laden with contradiction and blame-shifting statements such that this Court cannot conclude he accepts responsibility for his actions. *See United States v. Carver*, 916 F.3d 398 (4th Cir. 2019) (agreeing defendant failed to demonstrate acceptance of responsibility where "[t]he district court properly noted the delay caused by numerous objections and the defendant's seeming contradiction of facts he had previously agreed to."); *see also United States v. Ward*, 957 F.2d 737, 741 (10th Cir. 1992) (finding reasonable the district court's refusal to give a two-level reduction of sentence on the basis that the defendant seemed evasive and "by no means direct in accepting blame"). For example, Weiss is able to recall over fifteen years' worth of specific incidents and court proceedings involving R.S. but was

---

1500 Ocean Parkway. I hope you're not having thoughts of doing anything to our children and harm them in any way. And I had to kick down the door because you tried to kill yourself. You're saying that you -- your testimony was when you testified on direct examination that you've texted her those things to let her know that those things would come up at trial?
    A. Those things will come up at trial, 100 percent.
    Q. That's why you texted her that?
    A. No, I texted her for the safety of my children. And just so you know, these things are recorded. And you will – it will be -- this is part of -- going to be part of an exhibit.
    Q. You did say that though?
    A. I can't hear you. What?
    Q. You testified on direct examination that when you texted her that, you did that because you wanted her to know that those things would come up at trial?
    A. This whole story is going to come up at trial, everything from our whole case.
    Q. Okay. You messaged her on March 30th of 2025, again, on that app, right?
    A. Yes.

unable to recall any of the details of the crimes to which he has pleaded guilty. His demeanor when asked by the Government about the offenses was evasive and avoidant. Further, he continues to deny obstructing justice, despite the terms of his plea agreement. When asked about his decision to take the plea agreement and about his agreement in the plea agreement to the obstruction of justice adjustment, Weiss responded,

> "I said, if [the obstruction of justice] is part of the package that you have to accept, I'm going to accept it. But I never agreed that [the obstruction of justice] happened. I've testified to it. And I will never agree that anything ever was obstructed to harm [R.S.] or threaten her in any way."

Similarly, Weiss demonstrated blatant disregard for the Court's discretion over this matter by testifying "[i]f the Judge believes me or not is irrelevant. I did not do anything."[4] Further, Weiss chose not to call any witnesses to testify to either his own credibility or to support his position that he has accepted responsibility for the offenses to which he has pleaded guilty. The entirety of his argument in support of his objection focused on the weakening the credibility of R.S.

Weiss has not shown any remorse for the offenses to which he has pleaded guilty, including the agreement to the obstruction of justice enhancement. *See Lessner*, 498 F.3d at 201 (finding the sentencing judge's note of "Defendant's apparent lack of contrition"

---

[4] Weiss's response that "[i]f the Judge believes me or not is irrelevant. I did not do anything," was an answer to a question from the Government about whether Weiss filed a *lis pendens* against R.S. in a custody dispute to intimidate her the day before she was scheduled to testify in this Court. Weiss testified that the date of the filing was a coincidence sent from God. Subsequent to the hearing, Weiss filed a letter from his counsel in the state court custody proceeding in which that counsel avers it was his decision about when to file the *lis pendens*. (Doc. 74-2).

supported her finding that the defendant failed to demonstrate acceptance of responsibility). Weiss has failed to comply with court orders, genuinely admit to any wrongdoing, or pay any restitution in advance of sentencing. This is simply not an "extraordinary case" in which an adjustment under both §§ 3C1.1 and 3E1.1 should be applied.

IV. **CONCLUSION**

For the foregoing reasons, the Court will adopt the recommendation outlined by Probation in the Presentence Investigation Report as it relates both to the obstruction of justice adjustment pursuant to U.S.S.G. § 3C.1.1 and the acceptance of responsibility adjustment pursuant to § 3E1.1. (Doc. 60). Defendant's objection is **OVERRULED**.

An appropriate Order will follow.

BY THE COURT:

Date: July 14, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**